IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:07CV142

| | |
|---|---|
| JEFFREY D. GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM |
| ) | AND |
| POSTMASTER JOHN POTTER; ) | ORDER OF DISMISSAL |
| DANIEL T. PIERCE; JONIE BLANTON;) | |
| DAVID MILLS; and DAVID ) | |
| VAN NORSTRAND, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's objections to the Magistrate Judge's Memorandum and Recommendation that the action be dismissed without prejudice.

On April 16, 2007, the Plaintiff filed a lengthy *pro se,* complaint form against Postmaster John Potter and others alleging employment discrimination in violation of Title VII of the Civil Rights Act. **Complaint, filed April 16, 2007.** The Magistrate Judge allowed Plaintiff to proceed in *forma pauperis*, but his motion for the appointment of counsel was denied. **See Plaintiff's Motion to Proceed in *Forma Pauperis*, filed April 16,**

**2007; Order, filed April 24, 2007 (allowing motion to proceed in *forma pauperis*); Plaintiff's Motion to Appoint Counsel, filed May 8, 2007; Order, filed May 9, 2007 (denying motion for appointment of counsel).**

In reviewing the Plaintiff's motion for appointment of counsel and the complaint, the Magistrate Judge determined that Plaintiff had previously filed two actions in Bankruptcy Court in 1991 and more recently in 2007, and that Attorney Wayne Sigmon ("Trustee") had been appointed as Trustee of the current bankruptcy estate for the Plaintiff.  **Order, filed May 9, 2007, *supra*, at 2.**  The Magistrate Judge observed that the complaint asserted claims arising before the January 2007 bankruptcy petition was filed and such claims should be considered part of the bankruptcy estate. *Id.*; *see also* **11 U.S.C. § 541;** *Parker v. Wendy's Int'l, Inc.***, 365 F.3d 1268 (11th Cir. 2004).**  As such, the Trustee became the real party in interest for further proceedings.  *Id*.  As a result, the Magistrate Judge withdrew reference "from the United States Bankruptcy Court of such portion of the bankruptcy base case as [was] necessary to grant relief from the automatic stay to this court[.]"  *Id.*  The Magistrate Judge then afforded the Trustee an opportunity "to intervene or otherwise respond . . . as to

whether . . . this court [should] proceed with [this] action, dismiss this action, or take other action." *Id*. at 3.

On July 3, 2007, the Trustee filed response to the Magistrate Judge's Order stating the following:

> On June 28, 2007, [the Trustee] conducted an examination of [Plaintiff] pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. From said examination as well as a review of the Complaint filed herein and other items listed on the docket, the Trustee has concluded that it is not economically feasible for the bankruptcy estate to pursue the subject civil action. It appears to the Trustee that considering the fact that the bankruptcy estate has no assets and considering the fact that recovery in this civil action is questionable at best, the said civil action should be dismissed.

**Trustee's Response and Motion to Dismiss, filed July 3, 2007, at 2.** On July 13, 2007, the Plaintiff filed a response to the Trustee's motion entitled, "Plead not to Dismiss Case," contending his action had merit and dismissal would result in an injustice.

While considering the allegations of the Plaintiff, the Magistrate Judge concluded that greater weight must be afforded to the professional judgment of the Trustee in regards to the bankruptcy estate and recommended that the Trustee's motion to dismiss be granted. **Memorandum and Recommendation, filed September 10, 2007, at 3**.

Plaintiff filed timely objections to the Memorandum and Recommendation along with another response to the Trustee's motion to dismiss, both of which are contained in a voluminous document. **See Plaintiff's Response to Trustee's Motion to Dismiss and Memorandum and Recommendation, filed September 26, 2007.** Instead of specific objections to the Memorandum and Recommendation, Plaintiff restated the allegations set forth in his original and amended complaints and attached documents purportedly supporting those claims. His response adds nothing new or meritorious to his original claim.

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof. **28 U.S.C. § 636(b)(1).** "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections." ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C.1997);** *see also Battle v. U.S. Parole Comm'n,* **834 F.2d 419, 421 (5th Cir.1987) ("Parties filing objections must specifically identify those findings objected to.").** "Frivolous, conclusive or general objections need not be considered by the district court." ***Battle*, 834 F.2d**

**at 421.** "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." ***Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E. D. Mich. 2004).**

General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. ***Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir. 2003); *United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003).** If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1).** Where no objection is made, however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note),** *cert. denied*, **546 U.S. 1091 (2006).**

Having conducted a careful review of both the Memorandum and Recommendation and the Plaintiff's response thereto, the Court concludes

that the facts and conclusions set forth in the Memorandum and Recommendation are correct and are adopted by the Court. The fact that Plaintiff filed this action without notice to or consent of the Bankruptcy Trustee is undisputed. This being true, the Trustee is the real party in interest with exclusive standing to assert claims that are property of the bankruptcy estate and, therefore, the action should be dismissed.

**IT IS, THEREFORE, ORDERED** that the Trustee's motion to dismiss is **ALLOWED**, and this action is hereby **DISMISSED WITH PREJUDICE.**

Signed: December 6, 2007

Lacy H. Thornburg
United States District Judge